# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:22CR00006-002 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JORGE EFRAIN PEREZ, JR.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Alex Mendoza, Jr., LAW OFFICES OF ALEX MENDOZA, JR., Irvine, California, and Michael A. Bragg, BRAGG LAW PLC, Abingdon, Virginia, for Defendant.*

Before the court is the United States' Motion for Revocation of Release Order. For the following reasons, I will grant the motion and order the defendant detained awaiting trial.

The defendant, Jorge Efrain Perez, Jr., was charged in this court and was thereafter arrested on June 23, 2022, in California. At his appearance before a magistrate judge in the United States District Court for the Central District of California, the United States moved for detention. The magistrate judge directed the transfer of the defendant to this District but denied the request for detention and released the defendant on a bond and conditions of release. However, the magistrate

judge granted the government's request for a temporary stay of the defendant's release, and the present motion in this court by the United States then followed.

Because a motion for revocation of an order by a magistrate judge releasing a defendant under the Bail Reform Act is heard by the court having original jurisdiction over the offense, 18 U.S.C. § 3145(a)(1), I extended the stay and following the defendant's appearance in this District, conducted a hearing on the government's motion on August 11, 2022. The defendant has been charged by Indictment with conspiring to distribute and possess with intent to distribute 400 grams or more of a mixture containing fentanyl, the use of which resulted in serious bodily injury to certain others, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

In determining the present motion, I considered the testimony of the government's case agent, U.S. Postal Inspector Robert Wagner, at the hearing in this court, the Affidavit in Support of the Criminal Complaint, the Pretrial Services Report from the Central District of California, numerous letters written on the defendant's behalf from family, friends, and acquaintances, including his mother's physician, proffers on behalf of the defendant as allowed by 18 U.S.C. § 3142(f)(2), and arguments of counsel. Regardless of the magistrate judge's decision, on review this court determines the issue of detention de novo. *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992). In view of the crime charged in the Indictment, there is a rebuttable presumption that no condition or combination of conditions will

reasonably assure the appearance of the defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3).[1] If the presumption is rebutted, § 3142(b) provides that a defendant must be released unless the court determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."[2]

---

[1] This rebuttable presumption applies to cases, among others, in which there is probable cause to believe that the defendant committed an offense under the Controlled Substance Act for which the maximum term of imprisonment is ten years or more. 18 U.S.C. § 3142(e)(3)(A). An indictment charging a defendant with committing such a crime, as here, is sufficient to establish probable cause. *United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986). With the presumption, "the burden of production shifts to the defendant to come forward with evidence to suggest that the presumption is unwarranted in his or her particular case." *United States v. Boyd*, 484 F. Supp. 2d 486, 488 (E.D. Va. 2007). "To do so, the defendant must proffer at least some evidence or basis to conclude that the case falls outside the congressional paradigm giving rise to the presumption." *United States v. Blue*, No. ELH-19-286, 2020 WL 6044328, at *4 (D. Md. Oct. 9, 2020) (internal quotation marks and citations omitted), *appeal dismissed,* No. 21-4500, 2021 WL 7569805 (4th Cir. Sept. 23, 2021).

[2] "For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001) (unpublished). "With regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings. *Id.* With respect to the safety of others or the community as a basis for detention, the government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. *Id.* at 48–49.

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person or the community, the court must consider the following four factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Perez is 24 years old, a high school graduate, and single. He is a resident of Anaheim, California, where he lives with his immediate family. He is a U.S. citizen and has extended family in Mexico to which he has minimal contact. He last traveled to Mexico when he was in middle school. He has an expired U.S.

passport.  He is self-employed "reselling shoes, clothes, and masks," Pretrial Servs. Rep. 3, ECF No. 20, but reportedly his father pays his bills.  He is a regular user of marijuana.  He was charged in 2017 with conspiracy to enter, transport, or harbor aliens, but there has been no disposition of that charge and there has been no evidence presented as to the nature or status of that case.

According to the many letters submitted on the defendant's behalf, he is "kind," "respectful," "honest," "trustworthy," and "responsible,"  among other accolades.   Letters, ECF Nos. 31, 31-2, 31-2.

The evidence before the court indicates that an investigation by authorities of a trafficking conspiracy involving fentanyl, a synthetic opioid and controlled substance,[3] determined that the drug was being mailed from California into this District as well as into other places in the country.  The evidence from the investigation showed that Mr. Perez's debit card had been used over 150 times from October of 2020 to June of 2022 to mail priority and express mail packages from California.  Surveillance footage from a California post office from March to June of 2022 showed him mailing packages every few days.  Seven mailed packages

---

[3]  Fentanyl is similar to morphine, but 50–100 times more potent. Pharmaceutical fentanyl was  originally developed for use in severe pain management.  Non-pharmaceutical fentanyl and other synthetic opioids are the most common illicit drugs involved in overdose deaths because of their potency and the fact that users find them cheap and may be unaware of their danger.  Nat'l Inst. on Drug Abuse; Nat'l Insts. of Health; U.S. Dep't of Health & Human Servs., *Fentanyl Drug Facts,* https:/www.nida.nih. gov/publications/drugfacts/fentanyl (last visited Aug. 26, 2022).

attributed to Mr. Perez were intercepted by the authorities, all containing fentanyl or other controlled substances. Five packages were sent to Paul Perkins, an alleged coconspirator who has pleaded guilty to the distribution of fentanyl in this District and is scheduled for sentencing by this court. One of the packages mailed with the defendant's debit card to Perkins was intercepted and contained over 1,000 pills containing fentanyl.[4] The court record indicates that Perkins has admitted that he sold many of the fentanyl pills that had been received by him in the mail and that one of his buyers had overdosed on the pills. Order of Detention 2, *United States v. Perkins*, No. 2:22CR00004 (W.D. Va. May 9, 2022). ECF No. 23.

The government's evidence also shows that there are Instagram records of communications between the defendant's codefendant, Alexander Ortiz, and customers discussing purchasing fentanyl and containing tracking numbers of the mailed packages that correspond to Mr. Perez's debit card used to mail those packages. Packages attributed to Mr. Perez were sent to addresses in other states beside Virginia and were intercepted and contained fentanyl. Evidence indicates

---

[4] The small round pills in question were apparently disguised as legitimate prescription pain medication, with a "30" stamped on one side and an "M" on the other, mimicking 30mg pain pills, the contents "pressed" to contain fentanyl. Aff. Supp. Probable Cause ¶ 15, ECF No. 3; see Dep't of Justice, Drug Enforcement Admin., *Counterfeit Pills Fact Sheet,* https://www.dea.gov/sites/default/files/2021-12/DEA-OPCK_FactSheet_ December%202021.pdf (Dec. 2021).

that Mr. Perez continued to mail packages even after his codefendant Ortiz's home had been searched and Ortiz had been arrested.

The government argues that detention awaiting trial is appropriate in this case because of the strong evidence of guilt and the fact that Mr. Perez is facing a mandatory minimum sentence of 20 years if found guilty. On Mr. Perez's behalf, it is contended that the evidence against him is only circumstantial and that the evidence showing him mailing packages after the search of Ortiz's home and Ortiz's later arrest shows his lack of guilty knowledge. It is argued that his history and the letters on his behalf show that he is not a danger to the community and is unlikely to flee if released on conditions, which might include location monitoring or home detention. It is also pointed out that his lead attorney in this case is located in California and detention in this District would impose a hardship in regard to trial preparation.

There is no doubt that the defendant has considerable ties to his family and community and no established criminal or serious drug history. However, the serious nature of the crime charged and the substantial weight of the government's evidence against Mr. Perez are the determinative factors in this case. Even had the defendant met his initial burden of overcoming the presumption of detention, I find that considering the evidence as a whole, the government has shown by a preponderance of such evidence that Mr. Perez is a flight risk and that accordingly

his release will not reasonably assure his appearance as required.  As noted, if convicted, he faces a very lengthy mandatory prison sentence.  While conditions of home detention and location monitoring may be imposed on any release, those conditions would not prevent the defendant from absconding were he intent on doing so.  While I recognize that it will be more difficult for his lead attorney to meet with his client if he is detained, the defendant has experienced local counsel to ease that difficulty.

For these reasons, it is **ORDERED** as follows:

1. The Motion for Revocation of Release Order, ECF No. 7, is GRANTED; and

2. The defendant, Jorge Efrain Perez, Jr., is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

ENTER: August 26, 2022

/s/ JAMES P. JONES
Senior United States District Judge